IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : CRIMINAL ACTION 19-463 |
| | : CIVIL ACTION 22-5256 |
| JOSE MANUEL FIGUEROA | : |
| a/k/a "Geo" | : |

McHUGH, J.                                                                                                                        August 4, 2023

**MEMORANDUM**

This is a § 2255 challenge brought by Jose Manuel Figueroa, who pled guilty to various drug and firearm-related offenses.[1] Mr. Figueroa claims that his counsel was ineffective for failing to raise a double jeopardy argument based on his prior trial in state court; that his prior conviction for voluntary manslaughter was improperly considered a crime of violence for sentencing purposes; that his *Miranda* rights were violated when he confessed to various actions while medicated; that the Government failed to prove several elements of the crimes for which he was convicted; and that the Government violated the Interstate Agreement on Detainers ("IAD"). Each claim is either meritless or waived as a result of Mr. Figueroa's voluntary guilty plea, and I will therefore deny relief.

**I.        Relevant Background**

The Government alleges that, in March 2018, the Phoenixville Police Department began investigating a heroin overdose death. Gov.'s Resp. at 4, ECF 140. This investigation resulted in the Drug Enforcement Administration arranging eight controlled buys of heroin from Mr. Figueroa from May 2018 to July 2018. Tr., Sept. 28, 2021, at 8:18-22, ECF 106. On September 6, 2018,

---

[1] Judge Petrese Tucker presided over this matter until her retirement.

Mr. Figueroa was arrested after law enforcement recovered two firearms, eighteen grams of heroin, and various drug distribution paraphernalia from his home pursuant to a search warrant. *Id.* at 10:5-15. After waiving his *Miranda* rights, Mr. Figueroa admitted to selling heroin and that the heroin and firearms recovered from his home belonged to him. *Id.* at 16-20.

An indictment returned in August 2019, charged Mr. Figueroa with the following crimes related to the eight controlled heroin buys and the September 2018 search of his home:

1. Eight counts of distribution of a controlled substance, 21 U.S.C. § 841(a)(1).
2. One count of possession with intent to distribute heroin, 21 U.S.C. § 841(a)(1).
3. One count of possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A).
4. One count of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1).

ECF 1.

The Government filed a motion *in limine* prior to Mr. Figueroa's trial seeking permission to introduce his September 2018 admission into evidence at trial. ECF 86. Mr. Figueroa argued that the statement should not be introduced because it was not voluntary, as he had undergone surgery the morning of his arrest and was under the influence of surgery-related medication when making his admission. ECF 89. After an evidentiary hearing, the court granted the Government's motion. ECF 98.

Mr. Figueroa pled guilty without a plea agreement. *See* Tr., Sept. 28, 2021, at 14:23-15:2. A sentencing hearing was held on March 10, 2022. *See* Tr., March 10, 2022, ECF 121. Mr. Figueroa objected to the Pre-Sentence Report's conclusion that he was a career offender, challenging a 2000 drug trafficking conviction as a "controlled substance offense" and a 1992 voluntary manslaughter conviction as a "crime of violence." *Id.* at 5:20-6:10; ECF 114 at 8-17.

The court overruled his objections, finding that Mr. Figueroa qualified as a career offender, but determined that a downward variance was nonetheless appropriate. Tr., March 10, 2022, at 38:21-23. The court imposed a sentence of 175 months of imprisonment, *id.* at 39:4-8, while noting that the Pre-Sentence Report had accurately calculated the guidelines sentence to be 292 to 365 months of imprisonment. *Id.* at 40:2-5.

Separate from this federal proceeding, Mr. Figueroa was tried in Chester County state court in July 2019 on charges related to the March 2018 heroin overdose death. *See* Gov.'s Ex. 1-C at 4:2-5:2, ECF 141; Gov's Ex. 2 at ¶¶ 1-4, ECF 141. During this trial, the Commonwealth introduced evidence of the May-June drug sales as proof of alleged prior bad acts, but the jury was instructed that those actions were not being tried in that case. *See* Gov's Ex. 1-B at 153:16-154:11, 185:6-186:4, ECF 141; Gov's Ex. 1-C at 68:8-69:9, 96:21-97:13, 126:10-15.

At the same time, there was a separate Chester County state case pending against Mr. Figueroa with charges arising from the September 6, 2018 search of his home. *See* Gov's Ex. 1-A at 27:5-32:21. Those charges were adopted in the federal indictment, and the state case was closed prior to the commencement of any trial. Gov.'s Ex. 3 at 1, ECF 141.

Mr. Figueroa now challenges his federal sentence under § 2255, requesting the Court to dismiss his indictment and grant him release.

**II.   Discussion**

    **A. Mr. Figueroa's Federal Indictment Did Not Implicate the Double Jeopardy Clause, and Counsel Was Not Ineffective for Failing to Raise Such an Argument**

Mr. Figueroa argues that his federal conviction violated the Double Jeopardy Clause of the Fifth Amendment to the United State Constitution because he was acquitted of the same offenses in Chester County state court, and that his counsel was ineffective for failing to move to dismiss the indictment on that ground. The Double Jeopardy Clause provides that no person shall "be

3

subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. "To support a claim of double jeopardy, it must be shown that the two offenses charged are in law and in fact the same offense." *United States v. Felton*, 753 F.2d 276, 278 (3d Cir. 1985).

The Double Jeopardy Clause did not prohibit Mr. Figueroa's federal indictment and subsequent conviction for two independent reasons. First, the Supreme Court has upheld the "dual-sovereignty doctrine," which provides that "a crime under one sovereign's laws is not 'the same offence' as a crime under the laws of another sovereign." *Gamble v. United States*, 139 S. Ct. 1960, 1964 (2019). Under this doctrine, "a State may prosecute a defendant under state law even if the Federal Government has prosecuted him for the same conduct under a federal statute. . . . .[o]r the reverse may happen." *Id.* Because Figueroa's Chester County trial was a state criminal proceeding based on state law, Gov's Ex. 2 at ¶ 4, the subsequent federal proceeding did not implicate the Double Jeopardy Clause.

The federal proceeding did not raise double jeopardy concerns for a separate reason as well: the conduct at issue in the two proceedings was not the same. Mr. Figueroa was tried in Chester County for conduct that took place in March 2018. Gov.'s Ex. 1-C at 4:2-5:2; Gov's Ex. 2 at ¶¶ 1-4. Mr. Figueroa's federal indictment concerned his actions from May 2018 to September 2018. ECF 1 at 1-12. There were no overlapping offenses between the two cases. Because the offenses tried were not in law and fact the same, the federal proceeding did not implicate the Double Jeopardy Clause.

Similarly, the underlying Chester County charges that were adopted into the federal indictment do not raise double jeopardy concerns because jeopardy did not attach to those state charges. The Supreme Court has emphasized that "[t]here are few if any rules of criminal procedure clearer than the rule that jeopardy attaches when the jury is empaneled and sworn."

*Martinez v. Illinois*, 572 U.S. 833, 839 (2014) (internal quotations omitted). The state case for which the charges were adopted into the federal indictment was dismissed prior to the jury being empaneled, and jeopardy therefore did not attach.

Because Mr. Figueroa did not have a viable double jeopardy claim, his counsel was not ineffective for failing to raise such an argument. "To succeed on a claim of ineffective assistance of counsel, a defendant must show both that i) the performance of counsel fell below an objective standard of reasonableness and ii) the errors of counsel prejudiced the defense." *Jansen v. United States*, 369 F.3d 237, 243 (3d Cir. 2004) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 691-92 (1984)). Counsel cannot be faulted to raise meritless arguments, and when argument lacks merit, no prejudice follows from failure to advance it. Petitioner's ineffective assistance of counsel claim therefore fails.[2]

### B. Mr. Figueroa's Career-Offender Enhancement Claim Is Not Cognizable Under Section 2255

Mr. Figueroa argues that his sentence was improperly enhanced because the sentencing judge incorrectly deemed a prior voluntary manslaughter conviction to be a "crime of violence" and therefore deemed Mr. Figueroa a career offender for sentencing purposes. But the Third Circuit has held that "[a] misapplication of the career-offender Guideline is not an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Folk*, 954 F.3d 597, 602 (3d Cir. 2020). Nor is "an incorrect career-offender enhancement under the advisory

---

[2] It is unclear whether Mr. Figueroa is also arguing that his counsel was ineffective for failing to raise arguments related to his allegedly improper career-offender enhancement and the alleged violation of his *Miranda* rights. *Compare* Pet's Resp. at 1, ECF 149, *with* Pet.'s Mot. at 6, ECF 133. I construe Mr. Figueroa to be limiting his claim to the argument that counsel failed to raise the double jeopardy argument, in part because evidence in the record shows that Mr. Figueroa's trial and sentencing counsel did in fact brief and argue the other two claims at length. *See* Tr., Sept. 28, 2021, at 5:20-6:10 and ECF 114 at 8-17 (relating to Mr. Figueroa's counsel's challenge to the career-offender enhancement); ECF 89 and ECF 99 (relating to counsel's efforts to suppress evidence of Mr. Figueroa's confession).

guidelines . . . a fundamental defect that inherently results in a complete miscarriage of justice." *Id*. at 604.  The Third Circuit has accordingly "join[ed] our sister circuits and h[e]ld that an incorrect career-offender enhancement under the advisory guidelines is not cognizable under § 2255." *Id.*  Based on the Third Circuit's decision in *Folk*, this claim lacks merit.

### C. Mr. Figueroa Waived His Other Claims by Voluntarily Pleading Guilty

Mr. Figueroa further argues that his *Miranda* rights were violated when he made certain admissions while medicated; that the Government failed to "prove" certain elements of the crimes for which he was convicted; and that the Government violated the Interstate Agreement on Detainers. But such claims are waived by a voluntary guilty plea, and Mr. Figueroa does not challenge the voluntariness of his plea.

The Supreme Court has "reaffirm[ed] the principal [that] . . . a guilty plea represents a break in the chain of events which has preceded it in the criminal process." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  As a result, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Id*.  The Third Circuit has likewise explained that a "criminal defendant's unconditional, knowing and voluntary plea of guilty waives all non-jurisdictional issues." *Washington v. Sobina*, 475 F.3d 162, 165 (3d Cir. 2007) (per curium).  "That doctrine, derived from rulings for alleged constitutional violations, applies also to statutory violations." *United States v. Fulford*, 825 F.2d 3, 10 (3d Cir. 1987).

This rule applies to all of Mr. Figueroa's remaining claims. In *Fulford,* specifically held that the "entry of a guilty plea acts as a waiver of the provisions of the IAD. Entry of a guilty plea likewise acts of a waiver of claims related to any deprivation of *Miranda* rights that occurred prior to the entry of a guilty plea. *See, etc., United States v. Greenslade*, No. 1:CR-04-405-05, 2009

6

WL 1507290, at *1 (M.D. Pa. May 28, 2009); *Sutton v. Blackwell*, 327 F. Supp. 2d 477, 486-87 (D.N.J. 2004); *United States v. Delker*, No. CR.A. 84-441-4, 1986 WL 9262, at *2 (E.D. Pa. Aug. 20, 1986). Finally, as non-jurisdictional issues, challenges to the Government's proof of elements of a crime are waived by voluntary guilty pleas. *See United States v. Jackson*, No. CR 08-731-1, 2016 WL 3014843, at *3 (E.D. Pa. May 25, 2016) (citing *United States v. Massimino*, 641 F. App'x 153, 162 (3d Cir. 2016)); *see also United States v. Maher*, 108 F.3d 1513, 1528 (2d Cir. 1997). Because Mr. Figueroa has waived these claims by voluntarily entering a guilty plea, I am constrained to deny relief.[3]

### III. Conclusion

For the reasons set forth above, Mr. Figueroa's § 2255 motion will be denied. An appropriate order follows.

    /s/ Gerald Austin McHugh
    United States District Judge

---

[3] Although these issues are waived, and therefore not discussed in the memorandum, I have reviewed the substance of the claims considering the Government's response to the petition, and Mr. Figueroa could not prevail on the merits regardless.